**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **NELLWYN T. JUNELL, an individual** | § | |
| **and LINDA MAYFIELD, as power** | § | |
| **of attorney for NELLWYN T. JUNELL** | § | |
| | § | **CIVIL ACTION NO.** _____ |
| **v.** | § | **JURY TRIAL** |
| | § | |
| | § | |
| | § | |
| **KELLER SENIOR COMMUNITY, L.P.,** | § | |
| **a Texas Corporation** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF SAID COURT:**

NOW COMES Nellwyn T. Junell (hereinafter "Plaintiff"), and Linda Mayfield (hereinafter "Mayfield") filing this their Original Complaint against Keller Senior Community, L.P. (hereinafter "Defendant") and in support thereof would show unto this Court as follows:

**JURISDICTION AND VENUE**

1. This is an action for declaratory judgment, injunctive relief and monetary damages pursuant to the Fair Housing Act, as amended, 42 U.S.C. §3601 *et. Seq.* (FHAA).

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this Judicial District pursuant to 28 U.S.C. §1391(b):

   a. The events giving rise to this claim occurred in this Judicial District; and

   b. The real property which is the subject of this action may be found in this Judicial District.

4. The Court has authority to grant declaratory and injunctive relief as well as punitive damages pursuant to 42 U.S.C. § 3612(o)(3) and 42 U.S.C. § 3613(c)(1) and also award Plaintiff her reasonable attorney's fees and costs pursuant to 42. U.S.C. § 3613(c)(2).

## PARTIES

5. At all times relevant, Defendant Keller Senior Community was and is a Texas domestic corporation, maintaining its principal place of business in Tarrant County, Texas at 501 Bourland Road, Keller, Texas 76248.  Service can be had by serving Defendant's registered agent, LifeNet-Keller, LLC at 5605 N. MacArthur Blvd., Suite 580, Irving, Texas 75038.

6. At all times relevant, Plaintiff Nellwyn T. Junell was a resident of the Keller Senior Community, L.P. apartment complex.  Plaintiff is 71 years old and is permanently wheelchair bound.  She is a qualified individual with disabilities under the FHAA.

7. At all times relevant, Plaintiff Linda Mayfield was and is a resident of Tarrant County, Texas and is *sui juris*.  Ms. Mayfield is the daughter of Nellwyn T. Junell and acts for Ms. Junell under a power of attorney.

## BACKGROUND

8. In or about February 2016, Mayfield, acting as power of attorney, entered into a written lease agreement with Defendant to lease apartment 4112 of the Keller Senior Community located at 501 Bourland Road, Keller, Texas 76248.  At the time, Plaintiff was in a rehabilitation center in Keller, Texas, recovering from an accident that occurred on February 11, 2016, and Mayfield, signed the contract.

Unbeknownst to Mayfield, Defendant later went to Plaintiff in the rehabilitation center and had Plaintiff sign another lease, which Defendant backdated to December 17, 2015. Plaintiff moved into the apartment in May of 2016.

9. In or about May 2016, Mayfield orally requested to Defendant that Plaintiff needed a live-in caregiver, and Mayfield and her husband requested to act as caregivers.

10. Plaintiff is 71 years old, and has suffered a stroked that paralyzed her right side. As a result of the stroke, she is wheelchair bound 100% of the time.  Plaintiff needs assistance in taking showers and baths.  She cannot get in and out of the shower without Mayfield lifting her.  Mayfield also has to bathe her.  Plaintiff requires round the clock care, including preparation of meals, dressing, grocery shopping, and driving to and from doctor's appointments.   Plaintiff cannot remember if she has taken her medication, so Mayfield has to give Plaintiff her medication.  Plaintiff is also unable to pay her own bills.

11.  On or about June 27, 2016, Mayfield called the Defendant's office and spoke to the property manager Diane Gonzalez regarding a disturbance that took place the night before.  After Mayfield told Gonzalez what had happened, Gonzalez stated to Mayfield, "Linda, do you and Johnnie live there?"  Mayfield responded, "You know that we do."  Gonzalez then stated that Mayfield and her husband could not live with Plaintiff, and that Mayfield and Plaintiff only had two choices.  Plaintiff must either hire a caregiver provided by the complex at $27.00 an hour, or Plaintiff must move out.  Mayfield told Gonzalez that Plaintiff could not afford to pay $27.00 an hour for 24-hour coverage for a caregiver.  Gonzalez then stated,

"then she cannot stay, this is not the place for her.  She might need to go back to the nursing home."  Mayfield then called Gonzalez's supervisor Lori Rogers and left a message.  Rogers called Mayfield back and stated that she agrees 100% with what Gonzalez said, and then asked Mayfield how quickly they would be moving. Mayfield and her husband tried one more time to talk to Gonzalez about Mayfield acting as Plaintiff's caregiver, and Gonzalez denied her again.

12. On or about July 5, 2016, Defendant served upon Plaintiff a notice to vacate. Upon receiving the notice to vacate, Plaintiff's blood pressure skyrocketed and her doctor had to double her blood pressure medication.  She cried herself to sleep and lost her voice.

13. Later on the evening of July 5, 2016, Gonzalez and her assistant manager along with a police officer came to Plaintiff's apartment and insisted on speaking with Plaintiff.  Mayfield stated again that she had a power of attorney and could speak to them on Plaintiff's behalf.  At this point, Gonzalez became belligerent and rude to Plaintiff, and she handed Plaintiff an eviction notice.  Plaintiff was so distraught that she began to shake and stutter, and her disabilities were exacerbated.

14. Mayfield found Plaintiff a new apartment complex, but Plaintiff went from paying Defendant $878.00 per month plus $45.00 for a storage fee, to paying $1,589.00 per month plus $141.00 for a storage, $29.00 trash fee, payment for a $100.000.00 liability insurance policy required by the complex, and payment of a water bill. Because of the time constraints involved in having to find Plaintiff an apartment

that was available immediately for Plaintiff, Mayfield and Plaintiff had very few apartment options to choose from.

15. This increased rent and cost of living has caused extreme stress and hardship on Plaintiff.

### COUNT 1 – VIOLATION OF THE FAIR HOUSING ACT

16. Paragraphs 1-15 are re-alleged and reincorporated as if set forth fully herein.

17. Plaintiff is a handicapped person pursuant to the FHAA, 42 U.S.C. § 3602(h) because she has physical limitations that limit one or more of her major life activities.

18. The residence where Plaintiff resided is a "dwelling" pursuant to the FHAA.

19. Linda Mayfield is a person associated with Plaintiff pursuant to FHAA 42 U.S.C. § 3604 (f)(2)(c).

20. FHAA, 42 U.S.C. § 3604 (f)(3)(B) provides that discrimination includes a refusal to make a reasonable accommodation to rules, policies, practices, or services, when such accommodations may be necessary to afford a disabled person an equal opportunity to use and enjoy the dwelling.

21. FHAA 42 U.S.C. § 3617 makes it unlawful to coerce, intimidate, threaten or interfere with any person in the existence or enjoyment of, or on account of having exercised or enjoyed, or having aided and encouraged any other person in the exercise or enjoyment of, any right granted or protected by section 3603, 3604, 3605, or 3606 of this title.

22. Upon receipt of Linda Mayfield's request for reasonable accommodations and modifications on behalf of Plaintiff, Defendant knew or should have known that

Plaintiff is a handicapped person.  Defendant failed to engage in an interactive process to determine reasonable and necessary accommodations and modifications for Plaintiff.

23. The requested accommodations were reasonable and necessary to afford Plaintiff an equal opportunity to use and enjoy her dwelling and community.

24. The requested accommodation and/or modification would not have imposed an undue administrative or financial burden on Defendant and did not require a fundamental alteration in the nature of its programs or services.  Allowing Plaintiff to choose her own caregiver would not pose a direct threat to the health and safety of other residents at Keller Senior Community.

25. Defendants have violated Linda Mayfield's rights by failing to provide Plaintiff with a reasonable accommodation and modification, and by threatening, harassing and evicting Plaintiff from her residence for asserting her federal civil rights.

26. FHAA 42 U.S.C. § 3613 allows a Court to enjoin a discriminatory practice, and award the aggrieved party actual and punitive damages, reasonable attorney fees and costs.

**DAMAGES**

27. Plaintiff plead the Defendant, and its agents, employees and representatives, have caused grievous harm and damages.  As a direct and proximate result of their violation of federal law, Defendant has caused Plaintiff to incur added expenses in the form of increased rent and miscellaneous charges.

28. Plaintiff plead that Defendant has caused Plaintiff and Linda Mayfield to suffer acute mental anguish including, but not limited to, extreme emotional distress and

mental pain, intense feelings of depression, low self-esteem, humiliation, belittlement, shame, nausea, loss of sleep and appetite.  Plaintiff in all likelihood and for the balance of her life will continue to suffer mental anguish.  As such, Plaintiffs are entitled to compensatory damages for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

29. Plaintiffs plead that Defendant violated Plaintiffs' civil rights with malice and reckless indifference to their federally protected rights.  As such, Plaintiffs are entitled to punitive damages in an amount to be determined at inquest and at the maximum rate permitted by law.

30. Plaintiffs were forced to secure the undersigned counsel to protect their civil rights and, therefore, requests an award of attorney fees.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs pray that, upon final trial on the merits, they recover judgment against Defendant, said judgment entitling Plaintiffs to:

1. Compensation for all reasonable damages suffered by Plaintiff, including but not limited to, medical bills, increased cost for rent and miscellaneous services, and other compensation to be determined upon inquest;

2. Compensation for compensatory and punitive damages, in an amount to be determined upon inquest;

3. Pre-judgment and post-judgment interest at the maximum rate permitted by law;

4. All costs of court expended in this lawsuit;

5. Reasonable and necessary attorney fees;

6. A mandatory injunction forbidding Defendant from violating rights secured by the FHAA; and

7. Such other and further legal relief, either at law or equity, to which Plaintiffs may be justly entitled.

Respectfully Submitted,

Brandy Austin Law Firm
2404 Roosevelt Drive
Arlington, Texas 76016
Phone: 817-841-9906
Fax: 817-484-0280


BY: /s/Seth P. Crosland
Brandy M. Austin
Texas Bar 24061985
Seth P. Crosland
Texas Bar No. 24069551


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand trial by jury pursuant to Fed. R. Civ. P. 38(b).